# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **GILBERTO BROCHE RUIZ** | § | |
| | § | |
| **V.** | § | **A-17-CV-629-RP** |
| | § | **(A-15-CR-312-RP)** |
| **UNITED STATES OF AMERICA** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

Before the Court are Gilberto Broche Ruiz's Motion to Vacate (Dkt. No. 71), the Government's Response (Dkt. No. 78); and Ruiz's Reply (Dkt. No. 79). The undersigned submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules.

## I. GENERAL BACKGROUND

On October 9, 2015, Gilberto Broche Ruiz was charged in a two-count Indictment with conspiracy to distribute 500 grams or more of methamphetamine and possession with intent to distribute 500 grams or more of methamphetamine. On March 7, 2016, after a trial, a jury found Ruiz guilty on both counts of the Indictment. On May 5, 2016, U.S. District Judge Robert Pitman sentenced Ruiz to concurrent sentences of 210 months on each count, followed by a five-year term of supervised release.

On October 7, 2016, Ruiz timely filed his notice of appeal. On appeal, Ruiz argued that his right to a fair trial was denied because the Government elicited testimony that he had invoked his Fourth Amendment right to refuse a warrantless search of his phone. On March 29, 2017, the Fifth Circuit Court of Appeals affirmed the district court's judgment after reviewing the case for plain

error and finding Ruiz's argument, "unavailing." *United States v. Ruiz*, 683 F. App'x 326, 327 (5th Cir. 2017). On June 26, 2017, Ruiz filed this motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. He raises a multitude of claims.

## II. STANDARD OF REVIEW

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after is it presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). A defendant's claim of ineffective assistance of counsel gives rise to a constitutional issue and is cognizable pursuant to § 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1996).

## III. ANALYSIS

### A. Procedurally Defaulted Claims

Ruiz went to trial and appealed his case directly to the Fifth Circuit. On direct appeal he argued that he was denied a fair trial because the Government elicited testimony at trial that he had

invoked his Fourth Amendment right to refuse a warrantless search of his cell phone. The Fifth Circuit rejected this argument, and affirmed his conviction. Because many of the claims Ruiz brings in this Section 2255 could have been brought on direct appeal, they are barred.

Generally, a petitioner may not raise in a collateral proceeding issues that he failed to raise on direct appeal, "without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Shaid*, 937 F.2d at 232. "A defendant must meet this cause and actual prejudice test even when he alleges a fundamental constitutional error." *Id.* Failure to raise issues on direct appeal causes them to be procedurally defaulted for purposes of collateral attack. *U.S. v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001).

Cause is established by showing that "some objective factor external to the defense" prevented him from raising the issue on direct appeal. *U.S. v. Reedy*, 393 F. App'x 246, 247 (5th Cir. 2010) (unpubl.) (citing *U.S. v. Guerra*, 94 F.3d 989, 993 (5th Cir.1996)). Actual prejudice requires showing "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170 (emphasis original). The cause and prejudice standard "presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal." *U.S. v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003).[1]

Ruiz asserts that his appellate counsel was ineffective. Constitutionally ineffective assistance of counsel may constitute cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 488-92

---

[1] The only exception to the cause and prejudice standard is when "a constitutional violation has probably resulted in the conviction of one who is actually innocent" of the crime. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). This standard requires evidence that the defendant did not commit the crime for which he was convicted. *Id.* Ruiz has not asserted a claim of actual innocence and no evidence supporting such a claim is presented.

(1986). However, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Id.* at 486. As long as counsel is effective under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984), there is "no inequity in requiring [the defendant] to bear the risk of attorney error that results in procedural default." *Murray*, 477 U.S. at 488.

In this case, as discussed at length below, Ruiz fails to establish that his appellate or trial counsel was ineffective and fails to establish cause for any procedural default. Therefore, any claim he could have brought on direct appeal and did not is not subject to collateral attack here. Accordingly, the following claims are not cognizable in this § 2255 action:

- that no search warrant was obtained by the Government prior to a search of his seized cellphone[2]

- the Government falsified evidence, namely text messages on the seized cellphone, in order to "entrap him"

- there was insufficient evidence to warrant a finding of guilt by the jury as to Count One

- the District Court erred by permitting the withholding of the Government's confidential informant

- the Government failed to produce favorable mitigating evidence to him

- the Government entered knowingly perjured testimony

- the jury did not make a specific finding on the amount of drugs for which he was held responsible

Additionally, Ruiz's claims that the District Court erred by permitting testimony as to his refusal to consent to the search his cell phone, which was rejected by the Fifth Circuit on appeal, is

---

[2]The trial record establishes that the Government obtained a search warrant before searching Ruiz's phone. Dkt. No. 78-5 at 221.

also not cognizable in a § 2255 action. "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

**B.     Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id*. A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997)).

1.    **Appellate Counsel**

At trial, Ruiz was represented by Assistant Federal Public Defender Horatio Aldredge, and on appeal by Assistant Federal Public Defender Judy Madewell. Ruiz argues that his appellate counsel was ineffective because she: (1) failed to argue on appeal that his 210 month sentence was disproportionate to his crime "in violation of § 3553(a) factors"; (2) failed to argue on appeal that the Government presented insufficient evidence to support a finding of guilt on Count One of the Indictment; (3) failed to establish "plain error" factors; and (4) failed to appeal his conviction and sentencing.

To prevail on an ineffective assistance of appellate counsel claim, a movant must satisfy the two-prong *Strickland* test of ineffectiveness on the part of counsel, and prejudice as a result. *Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). To be effective, appellate counsel "need not raise every nonfrivolous ground of appeal, but should instead present solid, meritorious arguments based on directly controlling precedent." *Ries v. Quarterman*, 522 F.3d 517, 531–32 (5th Cir. 2008). To show prejudice, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. 668, 694.

To the extent Ruiz argues his counsel was ineffective for failing to file an appeal, this argument is plainly without merit as an appeal was pursued. What Ruiz is attempting to argue is that his appellate counsel did not file the appeal exactly as he requested.[3] Appellate counsel may select

---

[3]Ruiz also asserts that his counsel failed to meet with him as much as he desired and failed to meet with him in person. Though he did not meet face-to-face with appellate counsel, he acknowledges he spoke to her over the phone, and further notes that he directed her to raise certain points on appeal, and complains that she failed to do so.

the issue or issues she thinks may provide the best chance for reversal. *Jones v. Barnes*, 463 U.S. 745 (1983). To demonstrate prejudice, Ruiz must show a reasonable probability that he would have prevailed on appeal had counsel raised the claimed issue. *See Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001). Ruiz has failed to identify a nonfrivolous meritorious argument counsel should have brought on appeal. This argument fails.

Next, Ruiz claims his counsel failed to argue on appeal that his sentence was disproportionate to his crime, in express contravention of his instructions and the Sentencing Guidelines. Ruiz was found guilty of two drug counts, each exposing him to a Sentencing Guidelines range of 210 to 262 months. The District Court sentenced him to a 210-month sentence on each count to be served concurrently, which is thus a low-end of the Guidelines sentence. In the Fifth Circuit, a properly-calculated within-Guidelines sentence is "presumed reasonable." *See United States v. Cisneros–Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008). The presumption is "rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Ruiz has not pointed to a factor that the District Court failed to consider in calculating his sentence. Thus, Ruiz has failed to demonstrate that the proportionality argument he contends should have been raised was even potentially meritorious.

Ruiz also complains that his appellate counsel was ineffective for failing to establish the requirements necessary for plain error review. Ruiz is essentially complaining that his counsel's argument on appeal was rejected by the Fifth Circuit panel using plain error review. However, in its opinion, the Court found that because the prosecutor did not focus on or highlight Ruiz's refusal to

consent to a warrantless search and the evidence of guilt was substantial, Ruiz failed to show that any error affected his substantial rights. This argument is without merit.

Ruiz next claims that appellate counsel was ineffective for failing to argue that the evidence presented at trial was insufficient to support a finding of guilt on the conspiracy count of the Indictment. In Count One, Ruiz was charged with Conspiracy to Distribute 500 Grams or More of Methamphetamine. Ruiz argues that the evidence of conspiracy at trial was inadequate and that counsel was deficient for failing to argue this on appeal. When the Fifth Circuit reviews the sufficiency of the evidence in a criminal trial, that review is deferential to the verdict, viewing all evidence "in the light most favorable to the government, giving the government the benefit of all reasonable inferences and credibility choices." *United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007). Ruiz fails to explain how the trial evidence was insufficient evidence to support the jury's conspiracy conviction. The evidence offered at trial showed that he was a mid-level drug supplier in a larger drug distribution network. The Fifth Circuit would have had to defer to the jury's conclusion in reviewing any such claim, and viewed all of the evidence in the light most favorable to the government. Given the evidence, Ruiz had no chance of success on an insufficiency claim. Moreover, Ruiz cannot show that the failure to make this argument on appeal prejudiced him. He was convicted of two counts and each carried the same sentence. Reversal on this point would not have vacated his entire sentence, and since he was sentenced to identical concurrent terms, he would have gained nothing even if he had a valid argument to raise.

## 2 . Trial Counsel

Ruiz makes 18 separate claims that his trial counsel was ineffective. None of the arguments have merit, as described below.

### a.      Failure to investigate and call favorable witnesses

Ruiz argues that his trial counsel was ineffective for failing to investigate and call witnesses who would testify in his favor at trial. First, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "A defendant who alleges a failure to investigate on the part of [her] counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Second, to show counsel was ineffective for failing to call a witness, the defendant must name the witness, demonstrate that the witness was available and would have testified at trial, set out the content of the witness's proposed testimony, and show that the testimony would support a particular defense. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Ruiz fails to specify what an alleged investigation would have revealed, and how it would have altered the outcome of his trial. Additionally, Ruiz has failed to identify a specific witness, or the content of their testimony had they been called. Ruiz has failed to establish even a basic claim of ineffective assistance for failure to call witnesses at trial.

### b.      Failure to make a timely motion for disclosure of Brady information

Ruiz next argues that his counsel was ineffective for failing to move for disclosure of exculpatory *Brady* evidence. Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), the Government, pursuant to the due process clause, has an affirmative duty to disclose to the defense evidence that is favorable to the accused and material to guilt. *United States v. Bailey*, 473 U.S. 667, 674–75 (1985) (citing *Brady*, 373 U.S. at 87). Impeachment evidence falls within the *Brady* rule. *Giglio v. United States*, 405 U.S. 150, 154 (1972). In this case, Ruiz has failed to identify any exculpatory or impeachment evidence that was not disclosed to the defense in violation of *Brady*, and cannot show

9

prejudice for the failure to disclose such nonexistent evidence. Moreover, counsel cannot be held ineffective for failing to move to disclose evidence that the prosecutor is constitutionally required to produce. This claim fails.

### c.     Failure  to make a timely motion for disclosure of 404(b) evidence

Ruiz also claims that trial counsel was ineffective for failing to make a timely motion to disclose Rule 404(b) evidence. Federal Rule of Evidence 404(b) allows in evidence of extraneous acts of the defendant in certain situations. Ruiz fails to identify that any extraneous acts were allowed into evidence that prejudiced his defense, and has failed to assert how counsel's failure to move for disclosure of those acts prejudiced his defense. The Government asserts no 404(b) evidence was admitted at trial. This claim is baseless and conclusory.[4]

### d.     Failure to make a timely motion for disclosure of the Government's informant

Ruiz claims that trial counsel was ineffective for failing to move for disclosure of the Government's confidential informant. The disclosure of an informant's identity is governed by a balancing test. The public's interest in protecting the free flow of information and the informants' safety and security must be weighed against the defendant's right to prepare a defense. *Roviaro v. United States*, 353 U.S. 53, 62 (1957).  However, in "countless cases" the Fifth Circuit has held that "*Roviaro* does not require the disclosure of the identities of 'mere tipsters.'" *United States v. Cooper*, 949 F.2d 737, 749 (5th Cir. 1991) (quoting *United States v. Fryar*, 867 F.2d 850, 856 (5th Cir.1989)); see also *United States v. Clark*, 482 F.2d 103, 104 (5th Cir. 1973) ("We have held that

---

[4]Ruiz also makes a general claim that his counsel was deficient for failing to move for discovery. This claim fails for the same reason—he fails to identify the undisclosed discovery and the prejudice he suffered from counsel's actions. Moreover, the United States Attorney for the Austin Division of the Western District of Texas has an "open file" policy which does not require opposing counsel to make specific discovery requests.

where the evidence shows that an informer is nothing more than an informer and does not participate in the transaction, no disclosure of his identity is required." (citing cases)). No evidence presented at trial established that in Ruiz's case the confidential informant was an active participant in the crime. Additionally, defense counsel and the Government entered into a pretrial agreement that any references to information provided by the confidential informant would not be admitted for the truth of the matter asserted but to explain the actions of others. The trial court instructed the jury of this every time the Government referred to the confidential informant. Ruiz has failed to show that counsel was deficient for failing to move for disclosure of the identity of the confidential informant or that he was prejudiced by that failure to disclose.

### e. Failure to make a timely motion for disclosure of "rough notes"

Ruiz asserts that his trial counsel was ineffective for failing to move for the Government's agents to return any "rough notes" that may have related to this case. Ruiz does not identify the existence of any rough notes. The Fifth Circuit does not require rough or original notes to be retained or made available for discovery purposes. *United States v. Jiminez*, 484 F.2d 91 (5th Cir. 1973); *United States v. Arriaga–Martinez*, 2013 WL 2617025, at *1-2 (W.D. Tex. June 10, 2013). Thus counsel was not ineffective and Ruiz cannot show prejudice based on the failure to make a motion to "return any rough notes," the existence of which was not established. (Dkt. No. 71-2 at 8.)

### f. Failure to make a motion to suppress evidence

Ruiz asserts that his trial counsel was ineffective for failing to make a motion to suppress "illegally obtained" evidence. Ruiz is referring here to the search of his phone by the Austin Police Department on October 8, 2015, at the time of his arrest. Ruiz's cellular telephone was searched after law enforcement obtained a court order. (Dkt. No. 78-5 at 221). When the crux of the ineffective

11

assistance claim involves counsel's failure to file a motion to suppress evidence, "the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *United States v. Alanis*, 88 Fed.Appx. 15, 18 (5th Cir. 2004) (unpublished) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)). Although Ruiz maintains his phone was illegally searched, he does not give a meritorious basis for suppressing the search. Additionally, in light of the evidence presented at trial, which showed that Ruiz was stopped with a large bag of drugs he was in the process of delivering, it would be difficult for Ruiz to demonstrate any prejudice from the failure to make a motion to suppress, even assuming that motion had merit. Counsel was not ineffective for failing to make a motion to suppress.

g.     **Failure to seek the "suppression" of Count One**

Ruiz asserts that his counsel was ineffective because he failed to "suppress" Count One of the Indictment. In Count One, Ruiz was charged with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. An indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and ensures that there is no risk of future prosecutions for the same offense." *United States v. Sims Bros. Constr., Inc.*, 277 F.3d 734, 741 (5th Cir.2001), reh'g denied, 31 Fed.Appx. 837, 2002 WL 243393 (5th Cir. 2002). The elements of a conspiracy to distribute a controlled substance under 21 U.S.C. § 846 are "(1) an agreement between two or more persons to violate the narcotics laws; (2) the defendant's knowledge of the agreement; and (3) the defendant's voluntary participation in the conspiracy." *United States v. Gallardo–Trapero*, 185 F.3d 307, 316–17 (5th Cir. 1999). Ruiz's claim is based upon the fact that he was the only individual charged with conspiracy in his criminal case. However,

the indictment is sufficient despite the fact the Government did not establish an agreement between Ruiz and specific persons, because it alleges he conspired with "others unknown." *See United States v. Thomas*, 348 F.3d 78, 83 (5th Cir. 2003). Counsel was not ineffective and Ruiz was not prejudiced for failure to challenge the sufficiency of the Indictment. The jury was also persuaded that Ruiz engaged in conspiracy and found him guilty of that charge.

      **h.     Failure to investigate or present an entrapment defense**

Ruiz argues that his counsel was ineffective for failing to investigate or raise an entrapment defense. He asserts that the Government fabricated evidence that was used against him at trial, thereby entrapping him. "The critical determination in an entrapment defense is whether criminal intent originated with the defendant or with government agents.*" United States v. Theagene*, 565 F.3d 911, 918 (5th Cir. 2009). "Entrapment occurs when the government causes an offense to be committed by a person other than one ready to commit it." *Id.* "The government may not implant in an innocent person's mind the disposition to commit a criminal act, and then induce commission of the crime so that the Government may prosecute." *Id.* (quoting *Jacobson v. United States*, 503 U.S. 540, 548 (1992). Entrapment is an exculpating defense, placing the burden on the defense to prove it is actually entitled to an entrapment jury instruction. To do so, the defendant must present a prima facie case showing that the government's conduct created a substantial risk of entrapment. *Id.* "This requires the defendant to make a prima facie showing of (1) the lack of predisposition to commit the offense and (2) some governmental involvement and inducement more substantial than simply providing an opportunity or facilities to commit the offense." *Id.* Ruiz has identified no evidence that he was entrapped by government agents. The Government received a tip from a confidential informant which led to Ruiz being arrested with a bag of methamphetamine he dropped when he ran

from the police. While Ruiz makes the bald assertion that certain messages on his cellphone showing he was involved in a conspiracy were fabricated by the Government, he has failed to offer any proof to support the allegations. None of this is sufficient to make out an entrapment defense. Ruiz's trial counsel was not deficient for failing to investigate or argue this meritless defense.

i. **Failure to prepare for trial**

Ruiz asserts that his trial counsel was ineffective for failing to properly prepare for trial. This claim is a general reassertion of Ruiz's claims that his trial counsel failed to investigate, failed to make certain motions, and otherwise failed to adequately prepare Ruiz's defense. Ruiz asserts that the evidence presented by the Government at trial was "bogus," false and inadmissible. Nothing in the trial record supports Ruiz's claims that the Government presented false testimony or evidence at trial. Ruiz has failed to identify any concrete evidence counsel failed to uncover that would have bolstered his defense. Counsel was not deficient and Ruiz cannot show he was prejudiced by counsel's trial preparation. *Green*, 882 F.2d at 1003. This claim fails.

j. **Failure to object to evidence obtained through unconstitutional means**

Ruiz next asserts his trial counsel was ineffective for failing to object to evidence obtained through the Government's search of his cellphone, which he maintains was unconstitutional. Ruiz asserts that this evidence was obtained without a warrant and in violation of the Fourth Amendment. However, the evidence at trial supports that the cellphone was searched after law enforcement obtained a warrant. Any objection to admission of the evidence would have been futile, and counsel was not ineffective for failing to object to the admission of lawfully obtained evidence. see also *Koch*, 907 F.2d at 527) ("counsel is not required to make futile motions or objections").

### k. Failure to object to Government elicited testimony which showed that he refused consent to search his cellphone

Ruiz complains that his trial counsel was ineffective when he failed to object to the Government's witness's testimony that Ruiz refused to let officers search his cellphone without a warrant. Ruiz claims that this evidence was "highly prejudicial" and tainted his entire jury trial with unfairness. The Government admits that the failure to object to the testimony about the cellphone search "could have been considered deficient and thus it is possible that the trial counsel's failure to object was error." (Dkt. No. 78 at 21). However, the Government contends that Ruiz cannot show prejudice from the admission of this testimony and the error was harmless and insufficient to support prejudice under *Strickland*. The Court agrees. In *United States v. Runyan*, 290 F.3d 223, 250 (5th Cir. 2002), the court assumed without deciding that it would be error of constitutional magnitude for a trial court to permit a prosecutor to comment on (or present testimony regarding) a defendant's refusal to consent to a warrantless search to support an inference of guilt. However, the court also found that because the offending statement was merely a one-time isolated reference and that Government did not focus on or highlight Runyan's refusal to consent to the search in its arguments, coupled with strong evidence of guilt, the inclusion of this comment about the refusal to consent was harmless error .

In this case, the evidence shows that the fact that Ruiz did not consent to a search of his cellphone was mentioned once when Detective Duane Williams testified in the following exchange with the prosecutor:

Q:    Was it – well, strike that. After that portion, did you have an occasion to request that the defendant consent to a search of that cell phone that's in Government exhibit 8?

A:    Yes, sir.

Q: Do you know whether or not he consented?

A: Officer Martinez asked him and he denied consent on the phone.

(Dkt. No. 78-5 at 221). Thus, as in *Runyon*, this issue was only raised once. Additionally, as in *Runyon*, strong evidence of Ruiz's guilt was offered at trial. Ruiz was observed driving to a location, coming out of the location with a large white bag and entering a different vehicle. He refused to stop when officers tried to pull him over, and once he finally stopped he ran away leaving behind the white bag, which contained a large quantity of drugs. Strong evidence of guilt can render the admission of evidence regarding a defendant's refusal to consent to a warrantless search "harmless." *See United States v. Valley*, 928 F.2d 130, 135 (5th Cir. 1991) (finding that overwhelming evidence of guilt can render "harmless" a prosecutor's comment on the defendant's refusal to testify).

To establish prejudice, Ruiz must show a reasonable probability that if the error was not made, the result of the proceeding would have been different. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Ruiz cannot show that his counsel's failure to object to this question would have changed the outcome of his trial. The Fifth Circuit panel, in evaluating this argument on appeal stated, "Ruiz fails to show that any error affected the outcome of the proceedings." *United States v. Ruiz*, 683 Fed. Appx. 326 (5th Cir. 2017). Ruiz has failed to make out an ineffective assistance of counsel claim on this issue.

### l. Failure to object to "erroneous" jury instructions

Ruiz next argues that his counsel was deficient for failing to object to erroneous jury instructions. Ruiz fails to identify which jury instructions he claims were erroneous, or what the error in the instructions was. He makes only conclusory allegations and this claim is properly denied. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1989).

**m.      Failure to adequately advise Ruiz of the plea offer provided by the Government**

Ruiz argues that counsel was deficient for failing to adequately advise him of the Government's plea offer. The trial transcript shows that the Court asked Ruiz if he had been advised of his counsel's plea negotiations with the Government, the last offer by the prosecution, and whether he had in fact declined that offer. Ruiz answered in the affirmative. (Dkt. No. 78-5 at 11). Because the record affirmatively contradicts Ruiz's argument, the claim fails. *See Holland*, 406 F.2d at 216.

**n.      Failure to present mitigating evidence at trial**

Ruiz argues that his counsel was deficient for failing to present mitigating evidence at trial during sentencing.  However, he has not specified any witnesses or favorable evidence that could or should have been raised by his trial counsel during sentencing.  When the defendant fails to identify specific items of rebuttal evidence that should have been offered by trial counsel and fails to show how that evidence would have been favorable to his defense, as Ruiz has failed to do here, the claim fails.  *See Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

**o.      Failure to move for a judgment of acquittal at the end of the Government's case in chief and at the end of the presentation of evidence**

Ruiz further argues that his counsel was deficient because his trial counsel failed to move for a judgment of acquittal at the conclusion of both the government's case in chief and the conclusion of the prosecution's closing argument.  The trial transcript shows, however, that the trial counsel *did* move for judgment of acquittal both at the close of the government's case in chief and at the close of all of the prosecution's evidence.  (Dkt. No. 78-5 at 236, 242-43).  Because the trial record affirmatively contradicts Ruiz's allegation, the claim fails.  *See Holland*, 406 F.2d at 216.

**p.      Counsel operated with a conflict of interest throughout the trial**

Ruiz argues that his counsel was deficient because his attorney may have operated with a conflict of interest. However, he presents no evidence that his counsel was operating with a conflict of interest or even what that conflict of interest was. There is also no evidence that Ruiz's counsel committed any misconduct as a result of a conflict of interest. Because there is no factual basis for this allegation, the Court finds that this allegation is conclusory and this claim must fail. *See Estelle*, 694 F.2d at 1012.

**q.      Failure to object to remarks about his "Cuban national origin"**

Ruiz also argues that his counsel failed to object to continual references to his "Cuban national origin" and that these references prejudiced him in front of the jury. Although Ruiz does not state how he was prejudiced, the trial record notes two different general times during which Ruiz's national origin was brought up. The first reference was in response to evidence that Ruiz's phone contained a message that read "Hey, Cuba, do not forget, I have someone who is interested in more than one." The government asked the witness if "Hey, Cuba" had any significance to the investigation, to which the witness responded that it did because Ruiz was from Cuba. The witness also noted that he was aware of Ruiz's national origin because Ruiz mentioned it in his original interview with law enforcement. (Dkt. No. 78-5 at 223-34). The second reference was during Ruiz's closing argument, where his counsel attempted to use Ruiz's national origin as an argument why Ruiz may have felt fear in an encounter with police and tried to escape. (Dkt. No. 78-5 at 271-72). The purpose of the evidence was to link Ruiz to the text message on the phone to establish identity, and this identity evidence was relevant to the fact finder. The second mention of Ruiz's national

origin was by Ruiz's own counsel in an attempt to support his defense. Because there is no evidence or allegation that Ruiz was prejudiced by these statements, Ruiz's claim fails.

**r.    Cumulative error**

Ruiz finally argues that even if no single error sufficiently prejudiced him, the cumulative effect of the foregoing errors deprived him of his constitutional rights to a fair trial. The Fifth Circuit is clear that errors that did not occur can have no cumulative effect. *See United States v. Moye*, 951 F.2d 59, 63 n.7 (5th Cir. 1992); *Shields v. Dretke*, 122 F. App's 133, 154 (5th Cir. 2005); *United States v. Andrews*, 22 F.3d 1328, 1345 (5th Cir. 1994). "Ineffective counsel cannot be created from the accumulation of acceptable decisions and actions." *United States v. Hall*, 455 F.3d 508, 520 (5th Cir. 2006). Ruiz has not shown any actual error with prejudice by counsel and thus this claim also fails.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the District Court **DENY** the Motion to Vacate (Dkt. No. 34).

## V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the

party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

## VI. CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, effective as amended to February 1, 2010, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve

encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, a certificate of appealability shall not be issued.

SIGNED this 1st day of October, 2018.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE